**UNITED STATES of America,
Plaintiff,**

v.

**George Anderson HALL, Defendant.**

**Crim. A. No. 7043.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 25, 1969.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Warren P. Hogston, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a criminal prosecution of the defendant Mr. Hall under an indictment, charging him with transporting in interstate commerce a certain stolen Pontiac motor vehicle, knowing that it was stolen. 18 U.S.C. § 2312. He moves the Court to suppress for use as evidence the testimony of Mr. John C. Quirin, a special agent of the Federal Bureau of Investigation, Department of Justice, Rule 41(e), Federal Rules of Criminal Procedure, on the ground that the defendant's right against self-incrimination was infringed in an interview between Mr. Quirin and himself. Countervailing affidavits and attendant exhibits have been provided by both Messrs. Hall and Quirin. Assuming that each affiant would testify in accordance with these sworn statements, it does not now appear necessary to the decision of the motion to receive evidence on any issue of fact, although the Court will continue to

entertain the motion at the trial should further relative facts appear. Rule 41(e), *supra*.

The contention of Mr. Hall is that he was taken into custody by state authorities, when the real purpose of his incarceration was to provide a forum for his interrogation by federal authorities; and that the resulting interrogation provided the federal investigating agent with leads, which have now resulted in the discovery of two witnesses who will testify against him. Insofar as this record now reflects, however, Mr. Hall was arrested on a state violation on September 17, 1967 by Mr. Fred Taylor, an officer of the Tennessee highway patrol; the trial on that charge was continued at the defendant's request until October 7, 1967; Mr. Hall, who was enlarged on bail bond, did not appear for trial; Mr. Taylor, another state officer and a city officer, took Mr. Hall into custody * in connection with the 1967 state charge on August 30, 1968; and while thus incarcerated on the state charge in the Hawkins County, Tennessee jail, Mr. Hall was interrogated by Mr. John C. Quirin, a special agent of the Federal Bureau of Investigation of the federal Department of Justice.

It is assumed that Mr. Hall has no further evidence to support either of these claims, having filed an eight-page affidavit and four exhibits in support of his motion. One of these exhibits is a copy of Mr. Quirin's report of his interview of Mr. Hall. The Court finds nothing therein incriminatory of Mr. Hall on the instant charge. In point of fact, the sum of Mr. Hall's statements as reported by Mr. Quirin might well be considered self-serving, as Mr. Hall denied steadfastly any knowledge whatever of the Pontiac automobile, concerning which Mr. Quirin interrogated him. All that Mr. Hall states about the discovery of witnesses against him in this interview is that the prosecution " * * * in oral discovery admitted that two of [d]efendant's so-called friends in Maryland will appear to testify against him in this action. Defendant contends that those witnesses were discovered from leads gained through interrogation of [d]efendant while being unlawfully detained and not from an independent effort on the part of the * * *" prosecution.

There is no merit to either of these contentions in the present state of this record. Assuming *arguendo* that Mr. Hall said something in the interview mentioned which provided the prosecution with leads to witnesses with relevant knowledge of material facts, Mr. Hall appears to have made such statements at a time when cognizant of his rights to silence and counsel and against incriminating himself. If those he described do appear as witnesses for the prosecution, he has a constitutional right to confront and cross-examine them.

The defendant's motion of February 28, 1969, as supplemented on March 18, 1969, hereby is

Denied, subject to the Court's reconsideration should additional relevant facts on these issues be adduced on the trial.

---

* The Court pretermits any question to the legality of this retaking into custody, as being unnecessary to a decision of the instant motion. If there were any self-incrimination in the interview between Mr. Hall and the agent, it would have occurred whether Mr. Hall were being questioned in the jail or in his living-room. Mr. Hall makes no claim that he was not subject to being retaken into custody on the state charge.